NBD BANK, NA v BARRY

Docket No. 190428. Submitted March 4, 1997, at Lansing. Decided May 9,
    1997, at 9:10 A.M. Leave to appeal sought.
    NBD Bank, N.A., as personal representative of the estate of Victoria
    A. Rountree, brought a medical malpractice action in the Grand
    Traverse Circuit Court against Michael S. Barry, D.O., and others,
    alleging that the decedent's death was caused in part by the sub-
    standard advice offered by Barry to the decedent's treating physi-
    cian concerning medical treatment options for the decedent. The
    court, Thomas G. Power, J., granted summary disposition for Barry.
    The plaintiff appealed.
        The Court of Appeals *held*:
        In physician malpractice cases, the duty owed by the physician
    arises from the physician-patient relationship. Such a relationship
    does not exist with respect to a patient and a doctor from whom
    the patient's treating physician solicits an informal opinion regard-
    ing alternatives for the patient's medical treatment.
        Affirmed.

*Law Offices of George Constantine* (by *Steven J.
Pitzer*), for the plaintiff.

*Willingham & Coté, P.C.* (by *Eleanor E. Lynn*), for
the defendant.

Before: FITZGERALD, P.J., and MACKENZIE and TAYLOR,
JJ.

PER CURIAM. Plaintiff appeals as of right an order
granting summary disposition pursuant to MCR
2.116(C)(10) to defendant, Michael S. Barry, D.O., in
this medical malpractice action. We affirm.

In this case, we are presented with the issue
whether a doctor who is contacted by a patient's
treating physician to discuss treatment alternatives

owes a duty of care to the patient whose case is discussed. In a factually similar case, *Hill v Kokosky*, 186 Mich App 300; 463 NW2d 265 (1990), a pregnant woman was admitted to Riverside Osteopathic Hospital with an incompetent cervix. During the woman's hospitalization, her obstetrician, Dr. William Hole, contacted the defendants, who were physicians at the hospital, to ask their opinions about the case. The defendants spoke with Dr. Hole over the telephone and gave him their opinions based on the case history Hole related to them. Dr. Hole did not refer the patient to either defendant, and neither defendant contacted the patient, examined her, or reviewed her chart.

The patient gave birth to a child who suffered several medical problems. Plaintiffs alleged that the baby's injuries were caused in part by the defendants' substandard advice to Dr. Hole during their telephone conversation and that the defendants were liable to the plaintiff for this alleged malpractice. This Court, noting that in physician malpractice cases the duty owed by the physician arises from the physician-patient relationship, *id.* at 302, held that a physician-patient relationship does not arise from a treating physician's solicitation of a colleague's informal opinion on patient treatment. *Id.* at 303-304

In the present case, the decedent, Victoria Rountree, was admitted to Grand Traverse Community Hospital on July 8, 1991, by Sally Miller, D.O., with complaints of long-term diarrhea, weight loss, abdominal cramping, and fever. During Rountree's hospitalization, Dr. Miller contacted Dr. Barry, who is a member of the internal medicine department of the hospital, on multiple occasions to seek his opinion

regarding Rountree's care based on the information Miller related to him. Dr. Miller did not refer Rountree to Dr. Barry, and Dr. Barry did not contact Rountree or examine her, and at most reviewed the chart with Miller on one occasion.

Rountree died on August 31, 1991. Plaintiff alleges that Rountree's death was caused in part by the substandard advice offered by Dr. Barry to Dr. Miller and that Dr. Miller is liable to plaintiff for the alleged malpractice.

Plaintiff attempts to distinguish *Hill* on the basis that Dr. Barry had several consultations with Dr. Miller over a period. However, *Hill* does not indicate that the defendants had only one consultation with the treating obstetrician. Indeed, in its holding, the Court states that "the telephone *conversations* between Dr. Hole and defendants did not give rise to a physician-patient relationship between plaintiffs and defendants." *Id.* at 304 (emphasis added).

Nonetheless, even if the holding in *Hill* had been based upon a sole telephone conversation, we would see no reason for distinguishing *Hill* from the present case simply because Dr. Barry engaged in multiple conversations with Dr. Miller. In *Hill*, in finding that a physician-patient relationship did not exist, the Court indicated that

> [n]either defendant knew, examined, or spoke with plaintiffs. [The patient] was not referred to defendants for treatment or consultation. Plaintiffs did not employ defendants, nor did they seek medical advice or treatment from defendants. Defendants' medical opinions were addressed directly to [the treating physician] as a colleague, and not indirectly to plaintiffs as patients. The opinions were not in the nature of a prescribed course of treatment, but were recommenda-

tions to be accepted or rejected by Dr. Hole as he saw fit. [*Id.* at 304.]

Similarly, in the present case Dr. Barry's opinions to Dr. Miller were simply recommendations that Dr. Miller was free to accept or reject. Dr. Barry did not agree to treat the patient or to be a consultant on the case. Plaintiff points to an electrocardiogram (EKG) reading that Dr. Barry provided for Rountree during the hospital visit as establishing a physician-patient relationship. However, plaintiff does not connect the EKG reading, which was performed by Dr. Barry as part of his routine duties as a member of the department of internal medicine, to the alleged consultations that are the subject of this malpractice action. No facts have been presented that can support a conclusion that a relationship ever existed between Dr. Barry and Rountree. Upon this record, it cannot possibly be found that Dr. Barry owed a duty of care toward Rountree that could subject him to liability. See also *Weaver v Univ of Michigan Bd of Regents*, 201 Mich App 239, 245; 506 NW2d 264 (1993).

Affirmed.